UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In Re:
Arthur L. Fisher, Sr.
Pamela L. Fisher

   Debtors,

Case No.: 17-40457
&
Case No. Case No.: 07-40993

Chapter 13

Judge Kay Woods

JOINT STIPULATIONS OF
THE PARTIES

1. On August 7, 2002, Debtors Arthur Fisher and Pamela Fisher (the "Debtors") executed a Note and Mortgage (the "Loan").

2. The Debtors defaulted on their monthly payments on the Loan and the note was accelerated prior to the filing of the foreclosure complaint in case number 2006CV3357 on 12/20/2006 ("2006 Foreclosure").

3. The 2006 Foreclosure complaint filed by The Bank of New York as Trustee (the "Creditor") sought to collect on the Loan an unpaid principal balance of $71,067.48.

4. On April 30, 2007, the Debtors filed their first chapter 13, case number 07-40993.

5. On May 24, 2007, the Court stayed the 2006 Foreclosure pursuant to the notice of bankruptcy stay filed by the Creditor.

6. On May 25, 2007, the Creditor Bank of New York Mellon as Trustee (the "Creditor") filed a proof of claim 6-1 in case number 07-40993 indicating that the debtors default for arrearage was $8,709.06.

1

7. On June 25, 2007, despite the stay, the Court entered a decree of foreclosure in the 2006 Foreclosure.

8. As of June of 2009, the arrearage claim identified as proof of claim 6-1 had not been paid in full.

9. On August 13, 2012, the Trustee filed a notice of final cure as to the Creditor's claim 6-1.

10. On September 12, 2012, the debtors received the order of discharge.

11. On November 14, 2012, the Creditor filed a motion to vacate the Bankruptcy Stay in the 2006 Foreclosure and return the case to the active docket so that Creditor could continue foreclosure prosecution.

12. The Court granted Creditor's motion.

13. On December 21, 2012, Creditor filed a Praecipe For Order of Sale which was issued to the Sheriff on January 14, 2013.

14. On February 4, 2013, the Order of Sale and Decree of Foreclosure were vacated after counsel informed the Court the orders were entered after the notice of stay was filed.

15. On February 7, 2013, counsel filed a notice of appearance for Debtors in the 2006 Foreclosure.

16. On May 23, 2013, in response to a Qualified Written Request, Ocwen Loan Servicing LLC, the loan servicer for the Creditor at that time, sent counsel for Debtors a letter stating that the loan was reinstated as of May 5, 2013. The same letter indicated that the Loan was due for the July 1, 2011 payment of $720.79, with a total amount due to the date of the letter of $18,413.83

17. On May 20, 2013, the 2006 Foreclosure case was dismissed without prejudice.

18. As of August 23, 2013, the unpaid principal balance on the loan according to Ocwen's records was $67,508.91.

19. On December 2, 2013, the current servicer for the Creditor, Specialized Loan Servicing, LLC , ("SLS"), began servicing the Loan.

20. On July 16, 2014, SLS sent the Debtors a letter noting the Loan was in default, and that if the default was not cured within 33 days, the Loan may be accelerated to where the entire balance on the Loan would be due and owing and a foreclosure filed. The default was not cured by Debtors.

21. On April 9, 2015, Creditor filed a new foreclosure action ("2015 Foreclosure"). The complaint in the 2015 Foreclosure sought to collect on the Loan an unpaid principal balance of $67,508.91. The Complaint reflected the Debtors owed no personal liability on the Loan due to their bankruptcy discharge.

22. On December 22, 2015, the Debtor's made their last payment to the creditor in the amount of $614.06 representing the third payment of a trial period plan, which was applied to the Loan. The Parties did not enter into a permanent loan modification.

23. On March 15, 2017, Debtors filed in the instant bankruptcy.

24. On July 26, 2017, the Creditor filed proof of claim 14-1, showing a principal balance on the Loan of $67,207.03.

25. At no time since the debt was accelerated on December 20, 2006 has Creditor received sufficient funds for the Loan to be simultaneously pre-petition and post-petition current.

Respectfully submitted,

| | |
|---|---|
| s/Philip D. Zuzolo | /s/Richard A. Freshwater |
| Philip D. Zuzolo (0081865) | Richard A. Freshwater (0080762) |
| Patrick B. Duricy (0042511) | John Allerding (0087025) |
| Ashley R. Hall (0092354) | Thompson Hine LLP |
| Zuzolo Law Offices, LLC | 127 Public Square, 3900 Key Center |
| 700 Youngstown Warren Rd | Cleveland, Ohio 44114 |
| Niles Ohio 44446 | P: 216.566.5500 / F: 216.566.5800 |
| 330/652-1609 | Richard.Freshwater@Thompsonhine.com |
| 330/652-9421 | John.Allerding@Thompsonhine.com |
| lawyers@zuzolo.com | |

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was emailed to the following on February 24, 2018

Richard Freshwater
Richard.freshwater@thompsonhine.com

John Allerding
John.Allerding@thompsonhine.com

/s/Philip D. Zuzolo
Philip D. Zuzolo (0081865)
Zuzolo Law Offices, LLC
700 Youngstown Warren Road
Niles, OH 44446
Phone: 330 652-1609
Fax: 330 652-9421
lawyers@zuzolo.com
Attorneys for Debtor

4