# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No.: 17-40457 |
| Arthur L. Fisher, Sr.<br>Pamela L. Fisher | Judge Kay Woods |
| | Chapter 13 |
| Debtors. | **AMENDED OBJECTION TO CLAIM NUMBER 14-1** |

Now come the Debtors, Arthur and Pamela Fisher, by and through counsel and hereby respectfully submit their Amended Objection to the allowance of the Proof of Claim filed by The Bank of New York Mellon Trust Company N.A., c/o Specialized Loan Servicing, LLC, dated July 26, 2017, Claim #14-1. On March 26, 2018, The Bank of New York Mellon Trust Company transferred the subject claim to Specialized Loan Servicing LLC as servicing agent for U.S. Bank, as trustee of the NRZ Pass-Through Trust X. The Debtors object to the claim in its entirety.

## STATEMENT OF FACTS

1. The subject Note was accelerated in 2006, prior to the filing of Bank of NY's foreclosure action against the Debtors, case number 2006 CV 03357 in the Trumbull County Court of Common Pleas. The Debtors filed a Chapter 13 bankruptcy with this Court on April 30, 2007, case number 07-40993, to cure the arrearages.

1

2. In the Debtors' previous Chapter 13 case, Bank of NY filed a Supplemental Proof of Claim on March 1, 2010 for $1,460.92 for a post-petition property tax disbursement. On April 25, 2012, more than two years later, Bank of NY also filed a Notice of Mortgage Payment Change indicating that the Debtors' post-petition payment was going to increase by $317.93 solely due to the same property tax disbursement.

3. Since this amount was already being paid back through the Chapter 13 Plan, the Debtors did not pay the increased payment amount. The Debtors' post-petition payments were then wrongfully rejected. On October 23, 2012, the Chapter 13 Trustee filed its Final Report and Account, stating that the Debtors paid the Supplemental Proof of Claim for the tax disbursement in full.

4. Further, on August 13, 2012, the Trustee filed its Notice of Final Cure Mortgage Payment. Bank of NY had 21 days to respond if it disagreed. On September 26, 2012, more than 21 days later and after the discharge had been granted, Bank of NY filed its response, stating "Creditor agrees that the loan is contractually current. Creditor disagrees that the loan is post petition current." The Response did not itemize or indicate the amount that the Debtors were allegedly past due. Also, the response was in response to the Notice of Final Cure with respect to the Supplemental Proof of Claim. No response was ever with respect to the primary mortgage claim.

5. On November 14, 2012, Bank of NY filed a Motion to Vacate the bankruptcy stay in the foreclosure case so that it may continue to seek foreclosure, showing that

Bank of NY did not de-accelerate the loan or consider the initial default cured. On May 20, 2013, Bank of NY dismissed the foreclosure action without prejudice.

6. On April 9, 2015, Bank of NY re-filed the foreclosure action against the Debtors. The case was not re-filed within one year from dismissal and the default from the original acceleration, more than six years ago, was not cured.

7. The Debtors filed a Chapter 13 bankruptcy with the Court on March 15, 2017.

8. On July 26, 2017, The Bank of New York Mellon Trust Company, N.A. (Bank of NY), c/o Specialized Loan Servicing, LLC ("SLS"), filed a Proof of Claim in the Debtors' bankruptcy in the amount of $108,356.32, with a principal balance of $67,207.03 and interest balance of $28,462.48.

9. The Claim states that the loan is due for the June 2012 payment. However, based on an amortization schedule of the terms of Debtors' loan, the principal and interest balance represented on the Proof of Claim is actually for the due date of October 2011. This means that at the completion of the Debtors' bankruptcy case, the Debtors will remain eight payments past due.

10. Moreover, despite the Claim's representation that the Debtors were due for the June 2012 payment as of the date the petition was filed, in violation of the automatic stay, SLS has misapplied the Debtors' post-petition mortgage payments to the October 2011 due date and forward, continuing through the date of this Amended Objection.

11. The loan history attached to the Claim is further inaccurate as it shows a payment was received on June 12, 2009 from Debtors in the amount of $668.38 and it was

3

applied to the June 1, 2009 contractual due date. However, on another loan history for this loan, the June 12, 2009 payment was applied to the October 1, 2008 contractual date, showing a blatant inconsistency. Also, with respect to the loan history attached to the Proof of Claim, the Debtors are unable to account for over $1,500 received from the Chapter 13 Trustee from 2009.

12. Due to the inaccuracy of the loan history, the Debtors had to employ a forensic accountant to determine the current state of the loan. During this review, the Debtors discovered that Bank of NY applied $347.00 that came from the Chapter 13 Trustee to an undisclosed pre-petition fees and cost balance. Further, Bank of NY sought collection of $1,015 in the first Proof of Claim for various "court costs". However, the Trumbull County Clerk of Courts has verified that only $237 was incurred in the Debtors' foreclosure case prior to the bankruptcy filing, meaning Bank of NY overcharged the Debtors $778 for fees that were never charged nor paid to the Clerk of Courts.

13. Further, one of the "costs" included in the $1,015 was for an Order of Sale. In 2013, Bank of NY assessed an additional $384.01 to the Debtors' loan for fees related to the Order of Sale. First, the Order of Sale that was entered in the foreclosure was entered in technical violation of the automatic stay. Second, the common pleas court ordered that Bank of NY pay all costs upon its voluntary dismissal of the case. Third, even though it was an improper fee, the Debtors already more than paid for any amounts related to the Order of Sale through the

4

Chapter 13 Plan in the first bankruptcy. Lastly, SLS and the current owner of the loan are still currently seeking to collect the $384.01.

14. Further, on June 21, 2011, July 19, 2011, and December 20, 2011, Bank of NY applied a total of $208.08 that came from the Chapter 13 Trustee for the Supplemental Proof of Claim to late charges and to corporate advances, even though these items were not included in the Supplemental Proof of Claim or the original Proof of Claim and the corporate advance balance had been paid in full at this time. At the time of the Debtors' discharge from the previous Chapter 13 bankruptcy, there was $440.78 in the trustee suspense account. $82.25 of this amount was applied to pay for seven property inspections that were assessed post-discharge.

15. Bank of NY's 2007 Proof of Claim included $461.94 for pre-petition late charges. The Trustee paid this amount. However, after the filing of the bankruptcy, Bank of NY actually transferred $497.30 from the Debtors' suspense account to the late charge balance. The Proof of Claim did not include a credit for the suspense balance and, additionally, Bank of NY was overpaid for these amounts because they obtained the money from the Debtors' account and from the Trustee's funds and never amended the Proof of Claim to reflect that.

16. Finally, at the time of the filing of the 2015 foreclosure, the Debtors had an unapplied funds/suspense balance of approximately $505.00. The mortgage contract requires that all amounts in unapplied funds either be applied to the

5

principal balance or refunded to the debtor prior to foreclosure. Neither actions occurred with respect to the suspense funds.

## OBJECTION TO PROOF OF CLAIM 14-1

17. The Debtors allege each and every preceding paragraph as if fully rewritten herein.

18. The Debtors first object to the Proof of Claim as it is barred by the applicable statute of limitations. As stated above, Bank of NY filed the second foreclosure case more than a year after dismissing the first and the initial default date in 2006 was never cured and the loan was never de-accelerated, causing it to be outside of the applicable six year statute of limitations.

19. The Debtors also object to Bank of NY's claim because it is factually inaccurate and misrepresents the status of loan. This misrepresentation will cause significant damages to the Debtor including, but not limited to, still being eight months past due after successful completion of the Chapter 13 Plan.

20. Further, the Claim is inaccurate as it stems from several misapplications of the Debtors' money and property of the bankruptcy estate from the previous Chapter 13 bankruptcy. Further, the loan history attached to the Claim does not accurately reflect the current state of the loan and is inconsistent with other loan histories for this same account.

21. Lastly, the Debtors object to Bank of NY's claim as Bank of NY violated Bankruptcy Rule 3002.1 by failing to timely respond to the Trustee's Notice of Final Cure in the Debtors' previous bankruptcy case. Therefore, any alleged

6

default as of the date of the Notice of Final Cure should have been brought current and cannot be sought for collection in this claim.

22. Bank of NY and the Debtors had a binding contract by and through the subject mortgage contract. Bank of NY breached the contract by improperly increasing the mortgage payment to account for monies it was already being paid through the Chapter 13 Plan, misapplying the Debtors' post-petition payments and the Trustee's payments during the previous Chapter 13 bankruptcy, and currently misapplying the Debtors' post-petition mortgage payments.

23. Bank of NY further breached the contract by refusing to accept the Debtors' payments during the previous Chapter 13 bankruptcy because they did not include the improper higher amount. As Bank of NY was the first to breach the contract, the Debtors were excused from further performance under the contract.

24. The inaccurate loan history in violation of 3001 precludes the presumption of a prima facie valid claim. The Debtors' seek sanctions against Bank of NY, SLS, and U.S. Bank, as Trustee under Bankruptcy Rule 3001, including recovery of attorney fees and the preclusion of Bank of NY, SLS, or U.S. Bank, as Trustee being able to present any information regarding the balance of the loan.

WHEREFORE, the Debtors' object to allowance of Bank of NY's proof of claim in its entirety. Any alleged pre-petition arrearage stems in substantial part from violations of the automatic stay, Bankruptcy Rule 3002.1, and breach of the mortgage contract. The Debtors' further seek sanctions under Bankruptcy Rule 3001, including

7

recovery of attorney fees and the preclusion of Bank of NY, SLS, or U.S. Bank, as Trustee being able to present any information regarding the balance of the loan.

Respectfully submitted,

/s/Philip D. Zuzolo.
Philip D. Zuzolo   (0081865)
Attorney for Debtors
Zuzolo Law Offices, LLC
700 Youngstown Warren Road
Niles, Ohio 44446
330-652-1609 phone
330-652-9421 - Fax
lawyers@zuzolo.com

# CERTIFICATE OF SERVICE

I certify that on April 5, 2018 a true and correct copy of the Amended Objection to Proof of Claim number 14 was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

ATTORNEY MICHAEL GALLO ON BEHALF OF, THE CHAPTER 13 TRUSTEE AT MGALLO@GALLOTRUSTEE.COM

UST/ CLEVELAND OFFICE OF THE UNITED STATES TRUSTEE ON BEHALF OF, DANIEL M. MCDERMOTT UNITED STATES TRUSTEE,@REGISTERED ADDRESS OF THE UNITED STATES TRUSTEE@USDOJ.GOV ESTABLISHED WITH THE BANKRUPTCY COURT

ATTORNEY JOHN C. ALLERDING ON BEHALF OF CREDITOR AT john.allerding@thompsonhine.com

ATTORNEY RICHARD FRESHWATER ON BEHALF OF CREDITOR AT Richard.freshwater@thompsonhine.com

U.S. Bank, as Trustee of the
NRZ Pass-Through Trust X
800 Nicollet Mall
Minneapolis, MN 55402

Andy Cecere, President & CEO
US Bank
800 Nicollet Mall
Minneapolis, MN 55402

Bank of New York
225 Liberty St.
New York, NY 10286

Charles W. Scharf, President & CEO
Bank of New York
225 Liberty St.
New York, NY 10286

Specialized Loan Servicing
8742 Lucent
Littleton, CO 80129

Toby Wells, President & CEO
Specialized Loan Servicing
8742 Lucent Blvd.
Littleton, CO 80129

Specialized Loan Servicing
c/o United Agent Group, Inc.,
Statutory Agent
119 E. Court St.
Cincinnati, OH 45202

9

Bank of New York
c/o CT Corporation System, Statutory Agent
4400 Easton Commons Way, Ste. 125
Columbus, OH 43219


                                          /s/Philip D. Zuzolo
                                          Philip D. Zuzolo   Regis. No. 0081865
                                          Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT
EASTERN DIVISION

| | | |
|---|---|---|
| In re:<br><br>    Arthur L. Fisher, Sr.<br>    Pamela L. Fisher<br><br>              Debtors. | ))))))))))))) | Case No.: 17-40457<br><br>Judge Kay Woods<br><br>Chapter 13<br><br>**NOTICE OF AMENDED OBJECTION TO CLAIM NUMBER 14-1** |

Pursuant to the Court Order filed on April 2, 2018 the Debtors herein have filed a Notice of Amended Objection to Claim Number 14-1 with respect to this Bankruptcy case.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

File with the Court a written response to the Objection within 14 days explaining your position, at:

Clerk of Courts
U.S. Bankruptcy Court
10 Commerce Street
Youngstown, Ohio 44503

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it before the date it is due.

You must also mail a copy to:

5

Zuzolo Law Offices, LLC
700 Youngstown Warren Rd.
Niles, Ohio 44446

    If you or your attorney does not take these steps, the Court may decide that you do not oppose the Amended Objection to Proof of Claim, and may enter an Order granting the objection requested.

Date: April 5, 2018

                                                            /s/Philip D. Zuzolo
                                                           Attorney for Movants
                                                           Philip D. Zuzolo
                                                           Regis. No. 0081865
                                                           700 Youngstown Warren
                                                           Niles, OH 44446

## CERTIFICATE OF SERVICE

I certify that on April 5, 2018 a true and correct copy of the Amended Objection to Proof of Claim number 14 was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

ATTORNEY MICHAEL GALLO ON BEHALF OF, THE CHAPTER 13 TRUSTEE AT MGALLO@GALLOTRUSTEE.COM

UST/ CLEVELAND OFFICE OF THE UNITED STATES TRUSTEE ON BEHALF OF, DANIEL M. MCDERMOTT UNITED STATES TRUSTEE,@REGISTERED ADDRESS OF THE UNITED STATES TRUSTEE@USDOJ.GOV ESTABLISHED WITH THE BANKRUPTCY COURT

ATTORNEY JOHN C. ALLERDING ON BEHALF OF CREDITOR AT john.allerding@thompsonhine.com

ATTORNEY RICHARD FRESHWATER ON BEHALF OF CREDITOR AT Richard.freshwater@thompsonhine.com

U.S. Bank, as Trustee of the
NRZ Pass-Through Trust X
800 Nicollet Mall
Minneapolis, MN 55402

Andy Cecere, President & CEO
US Bank
800 Nicollet Mall
Minneapolis, MN 55402

Bank of New York
225 Liberty St.
New York, NY 10286

Charles W. Scharf, President & CEO
Bank of New York
225 Liberty St.
New York, NY 10286

Specialized Loan Servicing
8742 Lucent
Littleton, CO 80129

Toby Wells, President & CEO
Specialized Loan Servicing
8742 Lucent Blvd.
Littleton, CO 80129

Specialized Loan Servicing
c/o United Agent Group, Inc.,
Statutory Agent
119 E. Court St.
Cincinnati, OH 45202

7

Bank of New York
c/o CT Corporation System, Statutory Agent
4400 Easton Commons Way, Ste. 125
Columbus, OH 43219

                    /s/Philip D. Zuzolo
                    Philip D. Zuzolo   Regis. No. 0081865
                    Attorney for Debtors

8

17-40457-rk    Doc 78    FILED 04/05/18    ENTERED 04/05/18 17:17:17    Page 14 of 14